UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**03-10525NG**

MICHAEL JOHNSON(p/k/a Michael Jonzun)
and BOSTON INTERNATIONAL
MUSIC, INC
    Plaintiffs

DOCKET NO.

MAGISTRATE JUDGE Collings

vs.

N'SYNC (JUSTIN TIMBERLAKE, JC CHASEZ,
CHRIS KIRKPATRICK, LANCE BASS, JOEY
FATONE); ZOMBA RECORDING CORP.;
ZOMBA ENTERPRISES, INC./BMG MUSIC
PUBLISHING CANADA; BMG DISTRIBUTION,
INC.; U-N-I MUSIC PUBLISHING, INC./NAND'S
WORLD PUBLISHING; CHASEZ MUSIC: ALEX
GREGGS; BRADLEY DAYMOND; ESTATE OF
LISA LOPEZ; INGA WILLIS; JOHNNY
WRIGHT; WRIGHT ENTERTAINMENT GROUP,
INC., WARNER BROS., INC.; WV FILMS LLC
    Defendants

**COMPLAINT**

RECEIPT # 45893
AMOUNT $ 150
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. F.O.M
DATE 3-21-03

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL COUNTS**

### I. INTRODUCTION

1)    This is an action for copyright infringement and violation of the Lanham Act. It arises out of defendants' infringement of plaintiff's copyrighted composition "*Space Cowboy*", and defendants' failure to credit plaintiff Michael Johnson as an author of a song entitled *"Space Cowboy (Yippie-Yi-Yay)"*, which was derived from plaintiffs' copyrighted composition.



registered owners of copyrights in *Space Cowboy (Yippie-Yi-Yay)*, and have licensed the copying and public performance of *Space Cowboy (Yippie-Yi-Yay)* throughout the world and within this judicial district. Each of the Music Publishers, or their agents, may be found in this judicial district.

8)     Defendants Alex Greggs, and JC Chasez (collectively the "Producers") are music producers. The Producers produced at least two versions of *Space Cowboy (Yippie-Yi-Yay)* and warranted that it was an original composition which did not infringe copyrights held by other persons. The Producers or their agents may be found within this judicial district.

9)     Defendants Johnny Wright, and Wright Entertainment Group (collectively the "Executive Producers"). Johnny Wright and Wright Entertainment Group, Inc. are executive producers who have released at least two versions of the song *Space Cowboy (Yippie-Yi-Yay)*. Johnny Wright and Wright Entertainment Group, Inc. or their agents can be found within this judicial district.

10)     Defendants Zomba Recording Corp. and BMG Distribution (BMG) (collectively the "Record Companies") are recording companies that released and distributed millions of copies of the song *Space Cowboy (Yippie-Yi-Yay)* to the public. The Recording Companies or their agents may be found within this judicial district.

11)     Defendants Warner Bros., Inc. and WV Films (collectively the "Film Companies") are film companies that released and distributed millions of copies of the film *Space Cowboys* which contained at least two versions of the song *Space Cowboy (Yippie-Yi-Yay)*. Warner Bros., Inc. and WV Films or their agents can be found within this judicial district.

## II. JURISDICTION AND VENUE

2)      Plaintiffs' claims arise under the copyright laws of the United States, 17 U.S.C. §§101 *et seq.* and §43 of the Lanham Act, 15 U.S.C. §1125(a). This court has original and exclusive jurisdiction of this matter pursuant to 28 U.S.C. §1331 and §1338 and pursuant to 15 U.S.C. §1121. Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. §1400(a).

## III. PARTIES

3)      Plaintiff, Michael Johnson, professionally known as Michael Jonzun, is an individual who resides in Falmouth, Massachusetts. Plaintiff Johnson is an author of the copyrighted musical composition *"Space Cowboy"*.

4)      Plaintiff Boston International Music, Inc. ("Boston International") is a corporation with a principal place of business in Boston, Massachusetts.

5)      Defendants, JC Chasez, Alex Greggs, Bradley Daymond, Lisa Lopez, and Inga Willis (collectively, the "Author Defendants") are the credited authors of a musical composition entitled *Space Cowboy (Yippie-Yi-Yay)*. Each of the Author Defendants or their agents can be found within this judicial district.

6)      Defendants Justin Timberlake, JC Chasez, Chris Kirkpatrick, Lance Bass, Joey Fatone (collectively, the "Artist Defendants"), professionally known as N'SYNC, are recording artists who have released at least two versions of the song *Space Cowboy (Yippie-Yi-Yay)*. N'SYNC or their agents can be found within this judicial district.

7)      Defendants Zomba Enterprises, Inc./BMG Music Publishing Canada, U-N-I Music Publishing, Inc./Nand's World Publishing, Chasez Music (collectively the "Music Publishers") are professional music publishers. The Music Publishers are the

## IV. FACTS

12) Plaintiff Johnson is a professional musician, composer and music producer who has been involved in the production of music since childhood. Plaintiff Johnson has been involved in the songwriting, production, and promotion of several extremely popular music groups including New Kids On The Block and New Edition. He has also been the record producer/composer for well established artists such as Peter Wolf, the former lead singer of the J. Geils Band (with Mick Jagger), Ben E. King, Laverne Baker and Engelbert Humperdink. Current Artists who have recorded his compositions include Puff Daddy, LL Cool J, Mase, and Lil' Bow Wow. His songs have been included in motion picture and television soundtracks. Collectively, Plaintiff Johnson has sold well over 100 million records and music videos worldwide. Jonnzun Crew has been featured in numerous national and international publications, including: NY Times, Village Voice, Vibe, New Musical Express (NME), People Magazine, Billboard Magazine, Rolling Stone, Source, and the Boston Globe to name a few.

13) In the early 1980s, Plaintiff Johnson formed and led the Jonzun Crew, an influential urban R & B group whose sound is frequently cited as a precursor to hip hop. The Jonzun Crew's album, *Lost in Space*, that included Plantiffs' release *Space Cowboy*, was the first full length electro-boogie hip hop album. One of the Jonzun Crew's most famous musical composition was *Space Cowboy*. *Space Cowboy* was a smash hit that received extensive airplay on R & B stations. The composition crossed over and charted on the pop charts as well. *Space Cowboy* has been in release continuously since 1983 and is regularly played on the radio. Defendant Johnny Wright, a former DJ, regularly played *Space Cowboy* on his evening radio show that broadcasted on WKKL in

West Barnstable, MA. In 1983, on Billboard Magazine's R&B music charts, the single *Space Cowboy* peaked at # 11, and was Top 10 on major national magazine music charts, including Jet Magazine and Black Radio Exclusive (BRE). *Space Cowboy* is generally considered an electro-boogie/hip hop classic. *Space Cowboy* was the impetus for the creation of a 1980's dance also known as "The Space Cowboy". At the time *Space Cowboy* was released, it was highly publicized as an innovative musical composition. It received favorable reviews on the musical charts and, thereafter, sold over one (1) million copies worldwide in its various formats.

14) Plaintiff Johnson is one of the authors of *Space Cowboy* a wholly original musical work. Plaintiff Boston International registered a United States copyright on *Space Cowboy* # PA-189901 on January 27, 1983. Additionally, Tommy Boy Music, Inc. ("Tommy Boy") registered a copyright on the Jonzun Crew sound recording of *Space Cowboy* # SR-53-698, on January 23, 1984. Tommy Boy has assigned its rights to enforce its copyrights on *Space Cowboy* to the Plaintiffs. Plaintiffs, at all relevant times, have wholly complied with all United States Copyright laws.

*15)* Defendant Johnny Wright is an executive producer and former DJ who worked with the band New Kids On The Block that were co-developed, written for, and produced by Plaintiff Johnson. Defendant Wright is very familiar with the plaintiffs' work, having promoted Plaintiff Johnson's group Jonzun Crew for a concert performance in 1983. Defendant Johnny Wright, a former DJ, regularly played *Space Cowboy* on his evening radio show that broadcasted on WKKL in West Barnstable, MA. Defendant Artists N'Sync perform *Space Cowboy (Yippie-Yi-Yay)* as part of their live stage show, on commercial music video release *Live From Madison Square Garden N'SYNC* (available

on VHS and DVD), on their commercial album release *No Strings Attached,* and in a feature film.titled *Space Cowboys.*

16) Defendant Film Companies featured the song *Space Cowboy (Yippie-Yi-Yay)* in the feature film and worldwide movie theatre box office hit titled *Space Cowboys ,which has also been released on VHS and DVD* worldwide.

17) In like manner of *Space Cowboy*, the Author Defendants and the Producers intentionally plagerized and/or copied and incorporated the most famous elements of Plaintiff's composition *Space Cowboy* - - the main chorus hook chant slogan "Yippi Yi, Yippie Yi Yay", the call and response vocal arrangement, the rhythmic phrase pattern, the outer space special sound effects, the dominating music drum rap back beat rhythmic pattern--into *Space Cowboy (Yippie-Yi-Yay).* The Producers deliberately copied the drum rap back beat rhythmic pattern found underneath the rap section of Plaintiffs' composition *Space Cowboy* and incorporated these distinctive portions of Plaintiffs' composition underneath the rap section of Artist Defendants' release *Space Cowboy (Yippie-Yi-Yay).* The Producers and the Author Defendants did not get Plaintiffs' permission to copy *Space Cowboy*.

18) In or about March 22, 2000 the Record Companies released *Space Cowboy (Yippie-Yi-Yay) as a cut found on Artist Defendants'* album titled *No Strings Attached .* Additionally, *Space Cowboy (Yippie-Yi-Yay)* was included on a commercial music video release (available on VHS and DVD) entitled *Live From Madison Square Garden N'Sync* which was released by the Record Companies in 2000. The Producer Defendants arranged for Defendant Artists' to perform *Space Cowboy (Yippie-Yi-Yay)* as part of their live stage show.   The Record Companies, Film Companies, Producers,

Executive Producers, and Publisher Defendants' arranged for *Space Cowboy (Yippie-Yi-Yay)* to be used in the feature film and worldwide movie theatre box office hit titled *Space Cowboys*. Artist Defendants' album *No Strings Attached* has sold millions of copies worldwide, and has Recording Industry Association of America (RIAA) certification of net shipment of ten million units in the US alone. Furthermore, Artist Defendants' album *No Strings Attached* reached # 1 on Billboard Magazine's "Billboard 200" album chart.

19) The Defendants' included *Space Cowboy (Yippie-Yi-Yay)* in numerous commercially exploited materials - - music video, live performance, album release - - all of which included the portions of the song that were taken from the Plaintiffs' composition *Space Cowboy*.

20) Artist Defendants' album *No Strings Attached* which included *Space Cowboy (Yippie-Yi-Yay)* was a complete success and earned N'SYNC a # 1 position on Billboard Magazine's "Billboard 200" album chart. In Massachusetts alone, *Space Cowboy (Yippie-Yi-Yay)* has been played on the radio. In addition, the Record Companies have sold millions of copies worldwide. *No Strings Attached* has Recording Industry Association of America (RIAA) certification of net shipment of ten million units in the US alone. Many sales of these recordings occurred in the Commonwealth of Massachusetts. There have also been public performances of *Space Cowboy (Yippie-Yi-Yay)*, including performances on national television and live concerts. Every public performance of a live or a recorded version of *Space Cowboy (Yippie-Yi-Yay)*, and every copy made of the song is an infringement of plaintiffs' copyright interests in *Space Cowboy*.

21)    The Music Publishers claim to own the copyright to *Space Cowboy (Yippie-Yi-Yay)* and have licensed extensive copying of *Space Cowboy (Yippie-Yi-Yay)* and public performances of *Space Cowboy (Yippie-Yi-Yay)* throughout the country, including copies and performances within this judicial district. Upon information and belief the Music Publishers knew that *Space Cowboy (Yippie-Yi-Yay)* was not the original work of the Author and Producer Defendants and knew that production, distribution and performance of *Space Cowboy (Yippie-Yi-Yay)* was an infringement of the copyright of *Space Cowboy.*

22)    The Producers who created the record also knew that *Space Cowboy (Yippie-Yi-Yay)* was not an original work and was an infringement of the copyright of *Space Cowboy.* Plaintiffs have reason to believe that the released recording of *Space Cowboy (Yippie-Yi-Yay)* contains "portions and elements" of the Jonzun Crew's recording of *Space Cowboy.* These portions and elements could have only been placed in the mix of *Space Cowboy (Yippie-Yi-Yay)* if the producers knowingly and intentionally copied *Space Cowboy.* The Producers never received plaintiffs' permission to copy *Space Cowboy* and intentionally infringed the Plaintiffs' interests in their copyrights.

23)    The Executive Producers upon information and belief knew that *Space Cowboy (Yippie-Yi-Yay)* was not the original work of the Author and Producer Defendants and knew that production, distribution and performance of *Space Cowboy (Yippie-Yi-Yay)* was an infringement of the copyright of *Space Cowboy.* The Executive Producers never received plaintiffs' permission to copy *Space Cowboy* and intentionally infringed the Plaintiffs' interests in their copyrights.

24)    The Film Companies upon information and belief knew that *Space*

*Cowboy (Yippie-Yi-Yay)* was not the original work of the Author and Producer Defendants and knew that production, distribution and performance of *Space Cowboy (Yippie-Yi-Yay)* was an infringement of the copyright of *Space Cowboy*. The Film Companies never received plaintiffs' permission to copy *Space Cowboy* and intentionally infringed the Plaintiffs' interests in their copyrights.

25) The Authors who created the record also knew that *Space Cowboy (Yippie-Yi-Yay)* was not an original work and was an infringement of the copyright of *Space Cowboy*. Plaintiffs have reason to believe that the released recording of *Space Cowboy (Yippie-Yi-Yay)* contains "portions and elements" of the Jonzun Crew's recording of *Space Cowboy*. These portions and elements could have only been placed in the mix of *Space Cowboy (Yippie-Yi-Yay)* if the authors knowingly and intentionally copied *Space Cowboy*. The Authors never received plaintiffs' permission to copy *Space Cowboy* and intentionally infringed the Plaintiffs' interests in their copyrights.

26) The Artist Defendants knew that *Space Cowboy (Yippie-Yi-Yay)* was not was not an original work and was an infringement of the copyright of *Space Cowboy*. Every public performance of a live or a recorded version of *Space Cowboy (Yippie-Yi-Yay)*, and every copy made of the song is an infringement of plaintiffs' copyright interests in *Space Cowboy*. The Artist Defendants never received plaintiffs' permission to copy and perform *Space Cowboy* and intentionally infringed the Plaintiffs' interests in their copyrights.

27) The Record Companies upon information and belief knew that *Space Cowboy (Yippie-Yi-Yay)* was not the original work of the Author and Producer Defendants and knew that production, distribution and performance of *Space Cowboy*

*(Yippie-Yi-Yay)* was an infringement of the copyright of *Space Cowboy*. The Record Companies never received plaintiffs' permission to copy *Space Cowboy* and intentionally infringed the Plaintiffs' interests in their copyrights. Every recorded version of *Space Cowboy (Yippie-Yi-Yay)*, and every copy made of the song is an infringement of plaintiffs' copyright interests in *Space Cowboy*

28) Since its release in March 2000, *No Strings Attached, Space Cowboys, and Live From Madison Square Garden N'Sync* has generated millions of dollars in revenue and defendants have received millions of dollars in royalties. Plaintiffs have not been paid any royalties for their rights.

## COUNT I

## COPYRIGHT INFRINGEMENT
## (AGAINST ALL DEFENDANTS)

29) Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-28 as if set forth herein.

30) The Author Defendants have infringed plaintiffs' copyright interests in *Space Cowboy* by reproducing copies and sound recordings of the copyrighted work without plaintiffs' permission; by preparing a derivative work, *Space Cowboy* based on the copyrighted work; by distributing and authorizing distribution of copies and recordings of the infinging work to the public, and by facilitating and entering into agreements to perform the infringing work publicly.

31) N'SYNC has infringed plaintiffs' interest in the copyrights of *Space Cowboy* by reproducing copies and sound recordings of plaintiffs' copyrighted work without their permission; by preparing a derivative work based on their copyrighted work;

by facilitating and entering into agreements to distribute copies of the infringing work to the public; and by frequently performing the infringing work publicly.

32) The Music Publishers have infringed plaintiffs' interests in copyrights in *Space Cowboy* by authorizing reproductions of the copyrighted work and recordings of the copyrighted work, by authorizing distribution of copies and recordings of the infringing work to the public, including sales of the infringing work within the Commonwealth of Massachusetts; and by authorizing public performances of the infringing work, including numerous performances within the Commonwealth of Massachusetts.

33) The Producers have infringed plaintiffs' interests in the copyrights in *Space Cowboy* by reproducing the copyrighted work in sound recordings they created; in preparing a derivative work, *Space Cowboy (Yippie-Yi-Yay)*, based upon plaintiffs' copyrighted work; by facilitating the distribution of recordings of the infringing work to the public; and by facilitating public performances of recordings of the infringing work.

34) The Record Companies have infringed plaintiffs' interests in the copyrights in *Space Cowboy* by reproducing copies and recordings of the copyrighted work without permission of the plaintiffs; by distributing a derivative work based on the copyrighted work; by distributing copies and recordings of the infringing work to the public for sale; and by authorizing and facilitating the performance of the infringing work publicly, including public performances of recordings of the copyrighted work.

35) The Film Companies have infringed plaintiffs' interests in the copyrights in *Space Cowboy* by reproducing copies and recordings of the copyrighted work without permission of the plaintiffs; by distributing a derivative work based on the copyrighted

work; by distributing copies and recordings of the infringing work to the public for sale; and by authorizing and facilitating the performance of the infringing work publicly, including public performances of recordings of the copyrighted work. Furthermore, The Film Companies have infringed plaintiffs' interests in the copyrights in *Space Cowboy* by authorizing reproductions of the copyrighted work and recordings of the copyrighted work, by authorizing distribution of copies and recordings of the infringing work to the public, including sales of the infringing work within the Commonwealth of Massachusetts; and by authorizing public performances of the infringing work, including numerous performances within the Commonwealth of Massachusetts.

36) The Excecutuve Producers have infringed plaintiffs' interests in the copyrights in *Space Cowboy* by reproducing copies and recordings of the copyrighted work without permission of the plaintiffs; by distributing a derivative work based on the copyrighted work; by distributing copies and recordings of the infringing work to the public for sale; and by authorizing and facilitating the performance of the infringing work publicly, including public performances of recordings of the copyrighted work. Furthermore, The Executive Producers have infringed plaintiffs' interests in the copyrights in *Space Cowboy* by authorizing reproductions of the copyrighted work and recordings of the copyrighted work, by authorizing distribution of copies and recordings of the infringing work to the public, including sales of the infringing work within the Commonwealth of Massachusetts; and by authorizing public performances of the infringing work, including numerous performances within the Commonwealth of Massachusetts

37) Upon information and belief, all infringing acts committed by the

defendants were willful and intentional. Each of the defendants knew that the Author and Producer Defendants were not the original authors and producers of *Space Cowboy*, and that a derivative work had been prepared from a pre-existing musical composition without receiving permission of the copyright holder.

38)   As a result of defendants' infringements, plaintiffs have suffered substantial damages. In addition, through their wrongful acts of infringement, each of the defendants have generated substantial profits which rightfully belong to the plaintiffs. Pursuant to 17 U.S.C. §504(b), plaintiffs are entitled to recovery of all profits defendants have received since the release of *Space Cowboy (Yippie-Yi-Yay)* to the public.

39)   The defendants are continuing to infringe plaintiffs' interests in the copyrights by continuing to sell copies of *Space Cowboy (Yippie-Yi-Yay)* and by continuing to permit public performance of *Space Cowboy (Yippie-Yi-Yay)*. Plaintiffs have no adequate remedy of law to stop defendants' continuing infringement. Consequently, they are entitled to an injunction to enjoin further distribution and performance of *Space Cowboy (Yippie-Yi-Yay)*.

## COUNT II

### VIOLATION OF SECTION 43(a) OF THE LANHAM ACT THROUGH FALSE DESIGNATION OF ORIGIN (AGAINST AUTHOR DEFENDANTS, SAMMIE AND RECORD COMPANIES

40)   Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1- 39 as if set forth herein.

41)   Subsequent to the release of *Space Cowboy (Yippie-Yi-Yay)* to the public in 2000 the Author Defendants, N'SYNC , Producer Defendants, Executive Producer Defendants, and the Record Companies Defendants, have affixed labels on each recording of *Space Cowboy (Yippie-Yi-Yay)* which fails to identify plaintiff Michael Johnson as an author or contributor to *Space

*Cowboy (Yippie-Yi-Yay)*. By failing to provide this information defendants have falsely designated the origin of their goods and services in violation of 15 U.S.C. §1125(a).

42) Subsequent to the release of *Space Cowboys* to the public in August, 2000 the Defendant Film Companies' packaging on each recording of *Space Cowboys,* and credits within the film fail to identify plaintiff Michael Johnson as an author or contributor to *Space Cowboy (Yippie-Yi-Yay)*. By failing to provide this information defendants have falsely designated the origin of their goods and services in violation of 15 U.S.C. §1125(a).

43) Plaintiff Johnson has suffered substantial damages by defendants' failure to identify him as a co-author or substantial contributor to the song *Space Cowboy (Yippie-Yi-Yay)* . Among other things, plaintiff Johnson has suffered substantial reputational damages as a songwriter because the public, other musicians, and persons who might hire plaintiff Johnson or musical acts which he promotes, are unaware of plaintiff's involvement in a major hit album. By failing to designate plaintiff Johnson's contribution to *Space Cowboy (Yippie-Yi-Yay)* , the Author Defendants, N'SYNC , Producer Defendants, Executive Producer Defendants, the Record Companies and Film Company Defendants are liable to plaintiff Johnson for all damages he has suffered due to their false designation of origin.

44) The Author Defendants, N'SYNC , Producer Defendants, Executive Producer Defendants, the Record Companies, and Film Company Defendants continue to falsely designate the author and contributions to *Space Cowboy (Yippie-Yi-Yay)*. Consequently, plaintiff Johnson has no adequate remedy at law in order to enforce his rights, and requires an injunction to require defendants to accurately disclose plaintiff's contribution to *Space Cowboy (Yippie-Yi-Yay)*.

**WHEREFORE**, for the reasons set forth above, plaintiffs pray that the Court enter the following relief:

(1) after trial, enter judgment in plaintiffs' favor and award them full compensation for all damages they have suffered due to defendants' infringement of their interests in the copyrights and recovery of all profits defendants have received due to their wrongful use of plaintiffs' copyrighted materials;

(2) after a trial, award plaintiff Johnson full compensation for all damages he has suffered due to defendant's false designation of the origin of *Space Cowboy (Yippie-Yi-Yay)* ;

(3) after a hearing, enjoin defendants' production, distribution and public performances of copies or recordings of *Space Cowboy (Yippie-Yi-Yay)*;

(4) after a hearing, enjoin defendants from falsely designating the origin of *Space Cowboy (Yippie-Yi-Yay)*;

(5) in the alternative, award plaintiff statutory damages for all infringements of plaintiffs' copyrighted work which have occurred subsequent to March 22, 2000;

(6) award plaintiff his costs; and

(7) award whatever other relief the Court finds just and fair.

Dated: March 20, 2002                              Pro Se,

*[signature: Michael E. Johnson]*

Michael E. Johnson, Pro Se
15 Boulder Circle
North Falmouth, MA 02556
(617) 266-7766

AO 121 (6/90)

| TO: |  |
|---|---|
| Register of Copyrights<br>Copyright Office<br>Library of Congress<br>Washington, D.C. 20559 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION OR APPEAL<br>REGARDING A COPYRIGHT |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

03-10525NG

| ☒ ACTION    ☐ APPEAL | COURT NAME AND LOCATION |
| --- | --- |
| DOCKET NO. | DATE FILED<br>MARCH 21, 2003 | UNITED STATES DISTRICT COURT, DISTRICT OF MASS.<br>1 COURTHOUSE WAY, SUITE 2300<br>BOSTON, MA 02110 |

| PLAINTIFF | DEFENDANT |
| --- | --- |
| MICHAEL JOHNSON (p/k/a/ Michael Jonzun), et al. | N'SYNC, et al. |

|   | COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|---|
| 1 | PA-189901 | SPACE COWBOY | MICHAEL EDWIN JOHNSON AKA MICHAEL JONZUN |
| 2 |  |  | AND LARRY JOHNSON AKA MAURICE STARR |
| 3 |  |  |  |
| 4 | SR-53-698 | SPACE COWBOY | MICHAEL JOHNSON d/b/a BOSTON INT'L MUSIC; |
| 5 |  |  | Tommy Boy, INC. |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading |
|---|---|

|   | COPYRIGHT REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
|---|---|---|---|
| 1 |  |  |  |
| 2 |  |  |  |
| 3 |  |  |  |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order    ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes    ☐ No | DATE RENDERED |
|---|---|---|

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|

DISTRIBUTION:   1) Upon initiation of action,          2) Upon filing of document adding copyright(s),   3) Upon termination of action,
                   mail copy to Register of Copyrights        mail copy to Register of Copyrights                  mail copy to Register of Copyrights
                4) In the event of an appeal, forward copy to Appellate Court                5) Case File Copy