UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MICHAEL JOHNSON (p/k/a/ Michael Jonzun) and BOSTON INTERNATIONAL MUSIC, INC., ) Plaintiffs, ) v. ) N'SYNC (JUSTIN TIMBERLAKE, JC CHASEZ, CHRIS KIRKPATRICK, LANCE BASS, JOEY FATONE); ZOMBA RECORDING CORP.; ZOMBA ENTERPRISES, INC./BMG MUSIC PUBLISHING CANADA; BMG DISTRIBUTION, INC.; U-N-I MUSIC PUBLISHING, INC./NAND'S WORLD PUBLISHING; CHASEZ MUSIC; ALEX GREGGS; BRADLEY DAYMOND; ESTATE OF LISA LOPEZ; INGA WILLIS; JOHNNY WRIGHT; WRIGHT ENTERTAINMENT GROUP, INC.; WARNER BROS., INC.; WV FILMS LLC, ) Defendants. | Case No: 03-CV-10525-NG |

## DEFENDANT WV FILMS II LLC'S
## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant WV Films

II LLC ("WV Films")[1] hereby submits the following answers and affirmative defenses to

the Complaint of Plaintiffs Michael Johnson and Boston International Music, Inc.

---

[1] Incorrectly sued as "WV Films LLC."

## INTRODUCTION

1.    This is an introductory paragraph to which no response is required.  To the extent a response is required, WV Films denies the allegations in this paragraph.

## JURISDICTION AND VENUE

2.    The allegations in this paragraph are legal conclusions to which no response is required.  To the extent a response is required, WV Films denies the allegations in this paragraph.

## PARTIES

3.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

4.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

5.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

6.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

7.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

8.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

9.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

10.     WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

11.     WV Films admits that the film "Space Cowboys" includes 21 seconds of a song entitled "Space Cowboy (Yippie-Yi-Yay)" but denies the remaining allegations in this paragraph.

## FACTS

12.     WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

13.     WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

14.     WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

15.     WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

16.     WV Films admits that the film "Space Cowboys" includes 21 seconds of a song entitled "Space Cowboy (Yippie-Yi-Yay)" and that the film "Space Cowboys" has been released in theaters and on VHS and DVD in domestic and foreign markets but denies the remaining allegations in this paragraph.

17.     WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

18.     WV Films admits that the film "Space Cowboys" includes 21 seconds of a song entitled "Space Cowboy (Yippie-Yi-Yay)" and that the film "Space Cowboys" has been released in theaters in domestic and foreign markets but lacks knowledge or

3

information sufficient to form a belief as to the truth or falsity of the remaining allegations in this paragraph.

19.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

20.    WV Films denies the allegations in the last sentence of this paragraph. With regard to the remaining allegations in this paragraph, WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

21.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

22.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

23.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

24.    WV Films denies the allegations in this paragraph.

25.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

26.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

27.    WV Films denies the allegations in the last sentence of this paragraph. With regard to the remaining allegations in this paragraph, WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations.

28.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

## COUNT I

29.    WV Films restates and incorporates by reference its responses to the correspondingly numbered paragraphs of the Complaint.

30.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

31.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

32.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

33.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

34.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

35.    WV Films denies the allegations in this paragraph.

36.    WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

37.    WV Films denies the allegations in this paragraph.

38.    WV Films denies the allegations in this paragraph.

39.    WV Films denies the allegations in this paragraph.

## COUNT II[2]

40.     WV Films restates and incorporates by reference its responses to the correspondingly numbered paragraphs of the Complaint.

41.     WV Films lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in this paragraph.

42.     WV Films denies the allegations in this paragraph.

43.     WV Films denies the allegations in this paragraph.

44.     WV Films denies the allegations in this paragraph.

### FIRST AFFIRMATIVE DEFENSE

The plaintiffs have failed to state a cause of action on which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver and/or release.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

---

[2] The caption for Count II indicates that it is against the "Author Defendants, Sammie [sic] and Record Companies," not the Film Companies. However, the Film Companies are referenced in the allegations of Count II. Accordingly, WV Films responds to Count II to the extent it is alleged against the Film Companies.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred, in whole or in part, because they cannot prove that the alleged offending work and the alleged copyrighted work are so similar that there was factual copying.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred, in whole or in part, because they cannot prove that the alleged copying of copyrighted material was so extensive that it rendered the alleged offending and copyrighted works substantially similar.

### SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred, in whole or in part, because the plaintiffs have misused ownership of copyright to gain control over material for which they have no copyright.

### EIGHTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred, in whole or in part, because they have failed to join indispensable parties.

### NINTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred, in whole or in part, to the extent they have forfeited or abandoned their copyright.

### TENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred, in whole or in part, to the extent any person whose conduct forms a basis for the claim is an innocent infringer.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs are barred from recovering statutory damages and attorney's fees to the extent they have failed to comply with the requirements of 17 U.S.C. § 412.

### TWELFTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred, in whole or in part, to the extent they are not the holders of a valid copyright.

### THIRTEENTH AFFIRMATIVE DEFENSE

The plaintiffs' claims are barred, in whole or in part, by all applicable statutes of limitations.

WV Films reserves the right to amend its answer to add such other defenses and/or counterclaims as they become available and apparent during the course of discovery in this action.

WHEREFORE, WV Films requests that the Court:

A.      Dismiss the Complaint with prejudice;

B.      Award WV Films its attorneys' fees and costs as allowed by law; and

C.      Award WV Films such other relief as the Court deems just and proper.

### JURY DEMAND

Defendant demands a trial by jury on all claims so triable.

Respectfully submitted,

WARNER BROS. ENTERTAINMENT INC.,

By its attorney,

Daniel J. Cloherty (BBO No. 565772)
David M. Osborne (BBO No. 564840)
DWYER & COLLORA, LLP
600 Atlantic Avenue
Boston, MA 02210
(617) 371-1000

Dated: August 11, 2003

## Certificate Of Service

I hereby certify that a true and correct
copy of the above document was served upon
the following by first class mail, postage prepaid,
this 11th day of August, 2003:

Michael E. Johnson, *Pro Se*
15 Boulder Circle
North Falmouth, MA 02556

Daniel J. Cloherty