UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
MICHAEL JOHNSON (p/k/a/ Michael     )
Jonzun) and BOSTON INTERNATIONAL    )
MUSIC, INC.,                        )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )
                                    )
N'SYNC (JUSTIN TIMBERLAKE, JC       )
CHASEZ, CHRIS KIRKPATRICK,          )
LANCE BASS, JOEY FATONE); ZOMBA     )
RECORDING CORP.; ZOMBA              )
ENTERPRISES, INC./BMG MUSIC         )    Case No: 03-CV-10525-NG
PUBLISHING CANADA; BMG              )
DISTRIBUTION, INC.; U-N-I MUSIC     )
PUBLISHING, INC./NAND'S WORLD       )
PUBLISHING; CHASEZ MUSIC; ALEX      )
GREGGS; BRADLEY DAYMOND;            )
ESTATE OF LISA LOPEZ; INGA          )
WILLIS; JOHNNY WRIGHT; WRIGHT       )
ENTERTAINMENT GROUP, INC.;          )
WARNER BROS., INC.; WV FILMS LLC,   )
                                    )
        Defendants.                 )
_____)

**DEFENDANTS' MEMORANDUM OF REASONS
IN SUPPORT OF THEIR MOTION TO DISMISS**

Pursuant to Rule 7.1(B)(1) of the Rules of the United States District Court for the

District of Massachusetts, Defendants Warner Bros. Entertainment Inc. ("Warner") and

WV Films II LLC ("WV Films") hereby submit this Memorandum of Reasons in Support

of their concurrently-filed Motion to Dismiss.

**BACKGROUND**

On March 23, 2003, plaintiffs Boston International Music, Inc. and Michael

Johnson filed this action asserting one claim for copyright infringement and one claim for

1

violation of Section 43(a) of the Lanham Act against a litany of corporate and individual defendants (including defendants Warner and WV Films).[1]  According to the Complaint, Boston International is a corporation with a principal place of business in Boston, Massachusetts.  See Complaint ¶ 4.  The Complaint, however, is signed only by Michael E. Johnson, who appears Pro Se.

On July 21, 2003, Plaintiffs filed a Request for Additional Time to Serve Individual Defendants And Supporting Affidavit (the "Request for Additional Time").  In that Request for Additional Time, plaintiffs stated that they "have served, or will shortly serve, a summons and complaint on most of the defendants." See Request for Additional Time ¶ 3.  Plaintiffs claimed, however, that they needed more time to learn the addresses of the various individual defendants.  Id. ¶ 4.  Accordingly, plaintiffs sought an additional ninety (90) days to serve those individual defendants, during which period they would be serving limited discovery upon the supposedly already-served corporate defendants.  Id. ¶¶ 5-7.  On August 5, 2003, this Court entered an order granting the Plaintiff's Request for Additional Time.

Defendants Warner and WV Films were served with the Complaint in July 2003. On August 11, 2003, these defendants filed their answers to the Complaint.  At the same time, they filed a Joint Motion to Strike the Claims asserted by Boston International Music, Inc., on the grounds that a corporation may not appear pro se in this District.  See Local Rule 83.5.2(d).

---

[1] The claim for copyright infringement is asserted against "all Defendants."  See Complaint, Count I. The claim under the Lanham Act appears to be asserted only against the "Author Defendants, Sammie and Record Companies." See Complaint, Count II.

On August 22, 2003, according to this Court's docket, Plaintiff Boston International Music filed an Ex Parte Motion for Extension of Time to Answer the Motion to Strike. That Motion was granted by the Court on September 23, 2003. However, because the Motion was filed ex parte, it is unclear to the defendants how long an extension was granted. To date, no response to the Motion to Strike has been filed.

On October 9, 2003, this Court issued a Notice setting a Scheduling Conference in this matter for December 3, 2003, at 2:00 p.m. in Courtroom 2 of the United States District Court for the District of Massachusetts. The Notice was served on the plaintiffs by mail. The Notice reminded the parties of their obligations under Local Rule 16.1, and stated, inter alia, that a "[f]ailure to comply fully with this notice and with sections (B), (C) and (D) of Local Rule 16.1 may result in sanctions under Local Rule 1.3." See Order of October 9, 2003.

Prior to the court-ordered status conference, Boston counsel for Warner and WV Films, Daniel J. Cloherty, attempted to contact the plaintiffs by telephone in order to address the topics contemplated by Rule 16.1 of the Local Rules for the District of Massachusetts. Mr. Cloherty left a message for plaintiffs at the telephone number listed on the Complaint. Plaintiffs did not respond to this inquiry. On December 2, 2003, due to the plaintiffs' failure to respond, defendants Warner and WV Films filed a unilateral Rule 16.1 Memorandum. Defendants Warner and WV Films also filed the certifications required by Local Rule 16.1(D)(3).

On December 3, 2003, the defendants' New York counsel, Ms. Helene M. Freeman of Dorsey & Whitney LLP, traveled from New York to Boston to attend the court-ordered status conference. Accordingly, on that same date, Mr. Cloherty filed a

Motion for Admission Pro Hac Vice, along with the required fee, to permit Ms. Freeman to Appear in the case as counsel for Warner and WV Films.

Both Mr. Cloherty and Ms. Freeman appeared at 2:00 on December 3, 2003 for the court-ordered status conference. No representative of either plaintiff was present. At approximately 2:30 p.m. on December 3, 2003, when no representative of either plaintiff had appeared to attend the status conference, the Court's clerk informed Mr. Cloherty and Ms. Freeman that the status conference would not proceed.

To date, Plaintiffs have not served on Warner or WV Films any of the limited discovery contemplated in their July 23, 2003 Request for Additional Time. Nor does the Court's docket contain any evidence that any other named defendants—corporate or individual—have been served in this action. Boston International Music has not yet filed a response to the Joint Motion to Strike. Finally, neither plaintiff has complied with the settlement proposal obligations set forth in Local Rule 16.1(C) or with the certification requirements of Local Rule 16.1(D)(3).

## ARGUMENT

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move for dismissal of an action "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the Court." Local Rule 1.3 also provides, in relevant part, that a party's "[f]ailure to comply with any of the directions or obligations set forth in, or authorized by, these Local Rules may result in dismissal, default, or the imposition of other sanctions as deemed appropriate by the judicial officer." Moreover, this Court has the inherent authority to enter a dismissal where a party has failed to prosecute the action. See Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991); see also John's Insulation, Inc. v.

L. Addison and Associates, Inc., 156 F.3d 101, 108 (1998) (recognizing courts' inherent powers).

Since the filing of the Request for Additional Time in July 2003, the Plaintiffs in this case have failed to take any of the steps necessary to prosecute this case properly. And despite their representation to the contrary in the Request for Additional Time, Plaintiffs have not attempted to take any limited discovery from those two defendants that would be designed to facilitate service on any of the other named parties. Moreover, Plaintiff Boston International Music, Inc., is a corporate entity that remains unrepresented and has failed to respond to a Motion to Strike filed in August 2003.

Despite the Court's Order of October 9, 2003, both Plaintiffs failed to consult with defense counsel in accordance with Rule 16.1, and failed to appear at the Court-ordered December 3, 2003 Status Conference. Under these circumstances, this Court may properly dismiss this action for failure to prosecute. See John's Insulation, 156 F.3d at 109 (affirming district court's dismissal of complaint where corporation plaintiff was unrepresented by counsel and plaintiff failed to appear at a court-ordered status conference). Indeed, in light of plaintiffs' failure to pursue this action diligently, Defendants Warner and WV Films should not be forced to incur the continued costs of defending this meritless case.

Finally, Rule 4(m) of the Federal Rules of Civil Procedure authorizes this Court to dismiss an action without prejudice as to any defendants who have not been served with a summons and complaint within 120 days after the filing of the complaint. See Fed. R. Civ. P. 4(m). Here, not only have the plaintiffs failed to file any proof of service upon the other named defendants within the 120-day time limit, they have also failed to do so

5

within the additional 90 days granted by the Court. Accordingly, the Complaint in this case—which has now been pending for nearly nine months without service on these other named defendants—should be dismissed without prejudice as to those defendants. See Fed. R. Civ. P. 4(m).

## CONCLUSION

For the foregoing reasons, defendants Warner and WV Films respectfully request that their Motion to Dismiss be granted and that the Complaint in this action be dismissed with prejudice as to them and without prejudice as to the other named defendants.

                Respectfully submitted,

                /s/
                Daniel J. Cloherty, Esq. (BBO No. 565772)
                Dwyer & Collora, LLP
                600 Atlantic Avenue
                Boston, MA 02210
                (617) 371-1000

                Helene M. Freeman, Esq.
                Dorsey & Whitney LLP
                250 Park Avenue
                New York, NY  10177
                (212) 415-9239

                *Attorneys for Defendants Warner Bros.*
                *Entertainment, Inc. and WV Films II LLC*

Dated: December 12, 2003

**Certificate Of Service**

I hereby certify that a true and correct
copy of the above document was served upon
the following by first class mail, postage prepaid,
this 12th day of December, 2003:

Michael E. Johnson, *Pro Se*
15 Boulder Circle
North Falmouth, MA  02556

              /s/
Daniel J. Cloherty